In Re: Appeal of Walter M. Phillips and Mary B. Phillips from the Bucks County Board of Assessment and Revision of Taxes (Board of Assessment Appeals) Order. Walter M. Phillips and Mary B. Phillips, Appellants.

Argued October 4, 1979, before Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*Spencer A. Manthorpe,* with him, of counsel, *Hepburn, Ross, Willcox & Putnam,* for appellants.

*Robert L. White,* for appellee.

OPINION BY JUDGE MENCER, December 19, 1979:

Walter M. Phillips and Mary B. Phillips, husband and wife (appellants) owned a farm of approximately 104 acres in Solebury Township, Bucks County. A preferential assessment was afforded to this farmland, pursuant to the provisions of the Pennsylvania Farmland and Forest Land Assessment Act of 1974 (Act 319), Act of December 19, 1974, P.L. 973, 72 P.S. §5490.1 et seq.

By deed dated December 29, 1976, appellants conveyed to their three children a 21.003-acre portion and a 47.002-acre portion of their farm, retaining for

themselves the messuage and farm buildings and the remaining tract of 35.841 acres. On May 24, 1977, the Board of Assessment Appeals (Board) notified the appellants that they had breached the "319 Covenant" and consequently owed "the difference between the real property taxes paid and the taxes which would have been payable absent the Covenant." Following a requested hearing, the Board renewed its decision that the gifts of land by the appellants to their children constituted a breach of Act 319. Appellants' appeal to the Court of Common Pleas of Bucks County was denied. Appellants filed exceptions to the trial court's ruling which were dismissed, and this appeal followed. We reverse.

The issue to be decided in this appeal is the proper interpretation of Section 6 of Act 319, 72 P.S. §5490.6. That section reads as follows:

(a) Separation or split-off of a part of the land which is being valued, assessed and taxed under this act either by conveyance or other action of the owner of such land for a use other than agricultural or agricultural reserve or forest reserve shall, except when the separation occurs through condemnation, subject the land so separated and the entire parcel from which the land was separated to liability for the roll-back taxes as set forth in section 8 of this act [72 P.S. §5490.8] except as provided in subsection (b).

(b) The owner of property subject to a preferential tax assessment may transfer land covered by the preferential tax assessment: Provided, That the tract of land so transferred shall not exceed two acres annually and may only be used for residential, agricultural, or forest reserve use during such time as the land retained shall continue to receive preferential

tax assessment and the construction of a residential dwelling to be occupied by the person to whom the land is transferred: And further provided, That the total parcel or parcels of land so transferred under the provisions of this subsection shall not exceed ten percent or ten acres, whichever is lesser, of the entire tract subject to the preferential tax assessment. Any person may bring an action in equity to enjoin any use of the land inconsistent with the use provided in this subsection. Such land shall be subject to roll-back taxes due for each parcel separated and for such period of time as provided by section 8 of this act. The transfer of a parcel of land which meets the requirements of this section shall not invalidate the preferential tax assessment and the land retained by the landowner shall continue to be eligible for use value assessment if it continues to meet the minimum acreage or, if devoted to agricultural use, gross income requirements established by this act.

(c) Any change in use of a separation or split-off of land shall be in compliance with the zoning ordinances of the local municipality, if in effect.

Our reading of this portion of Act 319 leads to the conclusion that a separation or split-off of a part of preferentially assessed land for a nonagricultural, or nonagricultural reserve, or nonforest reserve use shall, except as provided in subsection (b), subject the land, by the provisions of Section 8(a) of Act 319, 72 P.S. §5490.8(a),[1] to roll-back taxes, while the separation or split-off of part of preferentially

---

[1] Section 8(a) reads:

(a) When any tract of land which is in agricultural use, or agricultural reserve use or forest reserve use and

assessed land for agricultural, or agricultural reserve, or forest reserve use is not such a separation as to subject the land to roll-back taxes. More simply stated, we are satisfied that the legislature intended in writing Section 6(a) that the phrase ''for a use other than agricultural or agricultural reserve or forest reserve'' refer to and modify both ''conveyance'' and ''or other action of the owner.''

The use to which the land is put is the key factor undergirding Act 319 rather than the element of transfer. Accordingly, we view the conveyance in question here not a conveyance of land for a use other than agricultural or reserve use and thus not one that falls within the roll-back provisions of Section 8(a). A landowner breaches Section 8 of Act 319 only if the parcel split off or the original parcel is used ''for a use other than agricultural or agricultural reserve or forest reserve.''

Further, we are persuaded that the acreage limitations of Section 6(b) are not applicable to this

---

which is being valued, assessed and taxed under the provisions of this act, is applied to a use other than agricultural, agricultural reserve or forest reserve, or for any other reason, except condemnation thereof, is removed from the category of land preferentially assessed and taxed under this act, the land so removed and the entire tract of which it was a part shall be subject to taxes in an amount equal to the difference, hereinafter referred to as roll-back taxes, if any, between the taxes paid or payable on the basis of the valuation and the assessment authorized hereunder and the taxes that would have been paid or payable had that land been valued, assessed and taxed as other land in the taxing district in the current tax year, the year of change, and in six of the previous tax years or the number of years of preferential assessment up to seven plus interest on each year's roll-back tax at the rate of six percent (6%) per annum. After the first seven years of preferential assessment, the roll-back shall apply to the seven most recent tax years.

90

case. Section 6(b) creates what might fairly be termed a de minimis rule whereby the owner of a parcel may retain his preferential assessment while conveying no more than two acres in any one year, not to exceed a cumulative total of the lessor of 10 acres or 10 percent of the original parcel, so long as the land conveyed is used for one of the statutorily permitted purposes or for residential purposes by the new owner of the conveyed property. Thus, when, as here, there has been no separation or split-off for a use other than that which entitles the land to preferential assessment, Section 6(b) need not be considered.

A careful reading of the statute in question here indicates that a preferential assessment shall continue until a land-use change takes place or the use is abandoned. Therefore, it follows that roll-back taxes are to be assessed only upon a change in the land's use. Although appellants conveyed a part of their farm to their children, the land has continued to be farmed and there has been no separation for a use other than agricultural or agricultural reserve or forest reserve. Consequently, there has been no separation in the instant case of a nature which would result in a roll-back of taxes.

Order reversed and appeal sustained.

ORDER

And Now, this 19th day of December, 1979, the order of the Court of Common Pleas of Bucks County dismissing the exceptions of Walter M. Phillips and Mary B. Phillips to the order of September 29, 1978, which denied their appeal from a decision of the Board of Assessment Appeals in and for the County of Bucks imposing roll-back taxes upon them for the taxing years of 1976 and 1977, is hereby reversed and their appeal is sustained.