## Deigendesch v. Bucks County

*Robert F. Ruehl,* for plaintiffs.

*Martin J. King, Robert C. Steiger,* and *John P. Diefenderfer,* for defendants.

KELTON, *J.,* July 28, 1980—By the order which follows, we determine that preliminary objections filed by the Board of Assessment of the County of Bucks (board) should be overruled and that Lucille Lalmant Deigendesch and Jean Lalmant Leighton (plaintiffs) should be permitted to proceed with their action seeking declaratory judgments nullifying a tax "roll-back" and interest penalties under the amendment to the County Code which permitted reduced tax assessments under open space land use covenants. The statute involved herein is the Act of January 13, 1966, P.L. (1965) 1292, as amended, 16 P.S. §11941 et seq. (hereinafter Act 515).*

We expressly do not decide herein that plaintiffs are entitled to relief for any of the matters complained of in their complaint. We merely determine that a declaratory judgment proceeding is an appropriate method of bringing plaintiffs' questions before the court in the first instance. The ultimate issue not decided by this order is whether the prop-

---

*It should be noted that there are two statutes which provide for preferential tax assessments for farm or open-space land. In addition to Act 515, there is the Pennsylvania Farmland and Forest Land Assessment Act of December 19, 1974, P.L. 973, 72 P.S. §5490.1 et seq. (Act 319). Under Act 319, it has been held that preferential tax assessments continue until a land use changes: In re Phillips, 48 Pa. Commonwealth Ct. 85, 409 A. 2d 481 (1979).

erty owners' mere subdivision and conveyance of preferentially assessed property into two tracts, one of which is too small to qualify as open space land by itself, constitutes a violation of an open space covenant (that is, whether the minor subdivision in what appears to be the distribution of a decedent's estate ". . . alters the use of the land to any use other than that designated in the covenant . . ."): 16 P.S. § 11946. Cf. Greenbelt Associates Appeal, 5 D. & C. 3d 557 (1978) (land development following condemnation), with Pfirrmann Appeal, No. 79-8437 (Bucks 1980) (additional dwelling constructed on tract).

The background of the controversy between plaintiffs and the board is more particularly set forth in plaintiffs' complaint. As averred therein, plaintiff Deigendesch is an adult individual residing at Churchville, Pa. Plaintiff Leighton is an adult individual residing at Garden City, N.Y. Defendant Bucks County is a third class county operating its assessment system through defendant Bucks County Board of Assessment. The two other defendants are the Township of Upper Southampton, a second class township, and Centennial School District.

Plaintiffs' father, Eugene J. Lalmant, acquired ownership of a parcel of land in Upper Southampton Township in 1941. At that time the parcel included a total of 52.002 acres. In 1963, Mr. Lalmant conveyed 23.493 acres of the original parcel to third parties and retained 28.509 acres consisting of a house, barn and accompanying land. Prior to 1972 the parcel was designated on the tax map under a single tax parcel number 40-38-7.

On August 31, 1972, Mr. Lalmant applied to the county for preferential assessment of his land

under Act 515. Thereafter, on December 17, 1972, the county entered into a covenant with Lalmant that the property would be assessed pursuant to that Act. The covenant, which was approved by the court and duly recorded, incorporated by reference the county's "Declaration of General Conditions for Covenants under Act 515 adopted by the County of Bucks" dated November 21, 1972.

The county's said declaration provided, in part, that:

Land which was approved to be included within Act 515 preferential tax protection would be preserved by the owner ". . . *in one or more of the designated uses* as set forth in Act 515 . . .," i.e., as farm, forest, water supply or open space land (Section 4);

If the owner ". . . while the covenant is in effect *alters the use of the land or any portion thereof* to any use other than that specified in the Contract and Covenant by the OWNER and COUNTY, such alteration shall constitute a breach of covenant" (Section 9);

In the event of a breach of covenant, the owner should pay to the county "as liquidated damages" additional taxes and interest for a period of up to five years from the date of entering the covenant to the date of breach (Secton 10); and

". . . if COUNTY determines prima facia that a breach has occurred, it shall give written notice to OWNER of the date or dates and nature of the alleged breach and the OWNER *shall have the right to a hearing before the Board of Assessment Appeals.* Any person aggrieved by the decision of the Board of Assessment Appeals as to whether a breach has occurred or not, shall have the right of appeal in the same manner and within the same

limitations as applied with regards to the appeals from tax assessments as it applies to the County of Bucks." (Section 11) (Emphasis supplied.)

Plaintiffs' complaint alleged that in the summer of 1979, plaintiffs, acting as executrices of Mr. Lalmant's estate, entered into a minor subdivision of the 28.509 acres parcel, conveying 4.493 acres, including the house and the improvements, to plaintiff Deigendesch and the remaining land to both plaintiffs jointly. Thereafter, on September 19, 1979 Mrs. Mary Evans, office supervisor of the Board of Assessment Appeals, notified plaintiffs in writing that the transfer of the 4.493 acre parcel was a violation of the Act 515 declaration in that the tract no longer met the minimum ten acre requirement for open space land under Act 515, and that therefore both parcels would be considered in breach of the covenant. Plaintiffs were notified that they had the right to appeal "this decision" to the Board of Assessment Appeals "by filing with said Board, within 30 days, an appeal in writing . . ."

Plaintiffs did not file such an appeal to the Assessment Board but filed the within complaint on April 25, 1980 seeking a declaratory judgment. Plaintiffs' complaint sets forth two separate causes of action. The first was a request that the court declare that the ten percent interest claimed on the "roll-back" taxes was not authorized under the agreement or under Act 515. This issue is not now before us since the school district has filed a responsive answer.

The second cause of action requests the court to declare that there has been no breach of the Act 515 covenant at all and that the three taxing authorities, the County of Bucks, the township and the school district, should be directed not to attempt to collect any of said taxes.

The board's preliminary objections, consisting of a motion to strike, a demurrer and a petition to dismiss, all basically argue that since plaintiffs did not file a timely appeal within 30 days to the assessment board, plaintiffs' exclusive remedy has been lost and that plaintiffs cannot pursue this matter under the Declaratory Judgments Act.

Normally all tax *assessment* matters are within the exclusive jurisdiction of the assessment board. See, e.g., Runyan v. Montgomery Co. Board of Assessment Appeals, 43 Pa. Commonwealth Ct. 86, 401 A. 2d 870 (1979). But this principle has generally been applied to matters which have been statutorily committed to the assessment board. Here, the jurisdiction of the board to determine whether there has been a breach has been conferred not by statute but by the covenant and by section 11 of the declaration.

Although we expressly do not decide whether plaintiffs can receive all of the relief which they seek, we do hold that plaintiffs are entitled to *attempt* to prove their cause of action using a declaratory judgment proceeding. We need not reiterate herein all the standards and principles applying to declaratory judgment proceedings. However, under Friestad v. Travelers Indemnity Co., 452 Pa. 417, 425, 306 A. 2d 295 (1973):

"*If a remedy is specially provided by statute,* it must be pursued. If, on the other hand, there is another available remedy *not statutorily created,* whether such remedy is legal or equitable, it is only one factor to be weighed by the court in its discretionary determination of whether a declaratory judgment would lie.

"There is no good reason why a rule which relegates the declaratory judgment to the status of an extraordinary remedy should abide, especially in view of the legislative imprimatur on so useful a judicial tool." (Emphasis supplied.)

Under the Declaratory Judgments Act itself, 42 Pa.C.S.A. §7541(b) and (c), relief therein shall not be available "with respect to any . . . [p]roceeding within the exclusive jurisdiction of a tribunal other than a court . . . or . . . an appeal from an order of a tribunal."

However, if the use has not been altered by plaintiffs then there may have been no breach, section 11 of the declaration arguably would not apply, and the board would *not* have exclusive jurisdiction under 42 Pa.C.S.A. §7541 (c)(2).

Since preliminary objections should be sustained only in cases which are clear and free from doubt, Duffee v. Judson, 251 Pa. Superior Ct. 405, 380 A. 2d 843 (1977), we will exercise our discretion and consider plaintiffs' right to relief under the Declaratory Judgments Act, but only after all of defendant taxing bodies have had an opportunity to respond on the merits and brief the precise ultimate legal issue involved.

## ORDER

And now, July 28, 1980, the preliminary objections of defendant Board of Assessment are denied and overruled with leave to all defendants who have not previously done so to file a responsive answer within 30 days of this date.