Temple University—of the Commonwealth System of Higher Education, Petitioner *v.* Commonwealth of Pennsylvania, Auditor General, Respondent.

Temple University—of the Commonwealth System of Higher Education, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 7, 1979, before President Judge Bowman and Judges Crumlish, Jr., Mencer, Blatt, DiSalle, Craig and MacPhail. Judges Wilkinson, Jr. and Rogers did not participate.

*Matthew M. Strickler,* with him *Andrew R. Rogoff,* and, of counsel, *Ballard, Spahr, Andrews & Ingersoll,* for petitioner.

*Timothy J. Holland,* with him *Robert P. Meehan,* and *Lester Eisenstadt,* for respondent, Auditor General.

*Betty F. Perry,* Assistant Attorney General, for respondent, Department of Public Welfare.

OPINION BY PRESIDENT JUDGE BOWMAN, July 17, 1979:

Temple University—of the Commonwealth System of Higher Education (University) as operator of the Temple University Hospital (Hospital) has filed two petitions for review of administrative agency decisions. One challenges the Auditor General's certification to the Department of Public Welfare (Department) of certain cost reports necessary for the reimbursement of the University's expenses covered by the Pennsylvania Medical Assistance Program. The second seeks review of the Department's determination to pay the University in accordance with the contested cost reports as certified. The Auditor General and the Department filed motions to quash, which are now before us, as are the merits of the dispute.

The health care plan involved in this matter is structured by both federal and state statutes and regulations. Specifically, Pennsylvania hospitals are reimbursed by the state for inpatient hospital care expenses pursuant to Section 443.1 of the Public Welfare Code (Code), Act of June 13, 1967, P.L. 31, *as amended,* added by the Act of July 31, 1968, P.L. 904, *as amended,* 62 P.S. §443.1. Section 443.1 states:

The following medical assistance payments shall be made in behalf of eligible persons whose institutional care is prescribed by physicians:

(1) The reasonable cost of inpatient hospital care, as specified by regulations of the department adopted under Title XIX of the Federal Social Security Act and certified to the department by the Auditor General. . . .

The state is in turn compensated for its expenditures by the federal government under the provisions

of Title XIX of the Federal Social Security Act (Title XIX), 42 U.S.C. §1396 et seq. Title XIX requires a state plan for medical assistance to "provide for the establishment or designation of a single State agency to administer or to supervise the administration of the plan." 42 U.S.C. §1396a(a)(5). The Department is the "single State agency" for the Pennsylvania program. *See* Sections 102 and 443.1 through 451 of the Code, 62 P.S. §§102, 443.1-451.

Federal regulations define, in part, the Department's authority in the following manner:

(1) The State agency will not delegate to other than its own officials its authority for exercising administrative discretion in the administration or supervision of the plan, including the issuance of policies, rules and regulations on program matters.

(2) In the event that any rules and regulations or decisions of the single State agency are subject to review, clearance, or other action by other offices or agencies of the State government, the requisite authority of the single State agency will not be impaired.

(3) In the event that any services are performed for the single State agency by other State or local agencies or offices, such agencies and offices must not have authority to review, change or disapprove any administrative decision of the single State agency, or otherwise substitute their judgment for that of the agency as to the application of policies, rules, and regulations promulgated by the State agency.

45 C.F.R. §205.100(b) (1976).

It is the interplay of these directives with Section 443.1 quoted above which gives rise to the present situation. The University presented its cost reports to the Auditor General for the required review. Differences

developed over the compensability of certain interest expenses sought by the University. The Auditor General determined and certified only a portion of the finance charges for which the University requested reimbursement. The Department paid the University in accordance with the Auditor General's certified statement. The University, dissatisfied with the payment, filed the two petitions for review now before us. The Auditor General and the Department responded to the respective petitions by filing motions to quash in which they both disclaimed responsibility for the determination of the amount of interest expenses to be reimbursed; the Auditor General argues that the federal regulations require a finding that the Department is the final arbiter and the source of the adjudication subject to judicial review, whereas the Department contends that Section 443.1 of the Code indicates that the Auditor General is the proper respondent to a petition contesting the application of regulations in the process of making a certified statement of costs.

We conclude that the determination of the Department is an adjudication for purposes of judicial review under the Administrative Agency Law, 2 Pa. C.S. §701 et seq., *formerly* the Act of June 4, 1945, P.L. 1388, 71 P.S. §1710.1 et seq., that the motion to quash filed by the Auditor General should be granted and that this matter should be remanded to the Department for a hearing on the issues raised by the University.

An adjudication within the scope of the Administrative Agency Law is "[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights . . . of any or all of the parties to the proceeding in which the adjudication is made. . . ." 2 Pa. C.S. §101. The University's interest in reimbursement for all costs it believes are reasonable is clearly affected by the Department's quasi-judicial action of deciding to pay less than the amount

the University sought. *See St. Christopher's Hospital for Children v. Department of Public Welfare,* 30 Pa. Commonwealth Ct. 88, 372 A.2d 504 (1977); *Department of Public Welfare v. Temple University,* 21 Pa. Commonwealth Ct. 162, 343 A.2d 701 (1975).

The Department's objection to this analysis focuses on the role of the Auditor General as described in Section 443.1. It would have us construe its obligation as limited to the adoption of regulations consistent with those promulgated by federal agencies under Title XIX. The provisions at 45 C.F.R. §205.100(b) dictate a contrary conclusion. In particular, subsection (3) indicates that no agency or office may substitute its judgment for that of the "single State agency" as to the application of policies, rules or regulations of the single State agency. The Auditor General provides a service which the Department utilizes in its administration of the medical assistance program. That officer acts, however, in compliance with the regulations of the Department as interpreted by the Department. The burden to determine whether or not the finance charges sought to be recouped by the University on behalf of the hospital are in fact a proper element of "[t]he reasonable cost of inpatient hospital care" as defined by its own and the applicable federal regulations lies with the Department.

We shall remand so that the Department may conduct a hearing as required by Section 504 of the Administrative Agency Law, 2 Pa. C.S. §504. The participation of the Auditor General will be a necessary element in such proceedings in light of its role in the audit procedure and its familiarity with accounting methods. Following the decision of the Department as to the proper formula by which to determine the amount of interest to be treated as a reimbursable cost, the Auditor General shall recompute the total

owing and certify the figure to the Department for its use in the drafting of reimbursement payments.

## ORDER

Now, July 17, 1979, the Auditor General's motion to quash the petition for review docketed to No. 89 C.D. 1978 is hereby granted; the motion to quash filed by the Department of Public Welfare in the matter docketed to No. 232 C.D. 1978 is hereby denied, and this case is remanded to the Department of Public Welfare for further proceedings.

The Chief Clerk is hereby directed to forward the record in No. 232 C.D. 1978 to the Department of Public Welfare.