Board of Directors of the North Pocono School District and members thereof individually, Morgan Leonard, et al., Appellants *v.* Gouldsboro Taxpayers Association, a class, by Leo Canova, Jr. et al., Appellees.

Argued June 6, 1983, before President Judge CRUMLISH, JR. and Judges DOYLE and BARBIERI, sitting as a panel of three.

*John J. Brazil,* with him *William T. Malone,* for appellants.

*Jan Kuha, Geroulo, Kuha, Zipay & Muraca,* and *Todd J. O'Malley,* for appellees.

OPINION BY JUDGE BARBIERI, October 18, 1983:

The appellant, the North Pocono School District (District), appeals from a decision of the Court of Common Pleas of Wayne County which entered an order issuing a writ of mandamus to compel the District to refund to the appellees, the Gouldsboro Taxpayers Association (Taxpayers), taxes which the District improperly collected from them. We reverse.

On November 16, 1978, the appellees filed a Class Action in Mandamus in the court of common pleas requesting the court to order the District to refund to the appellees those taxes which they allege the District has overcharged them since 1972 by its failure to equalize taxes pursuant to Section 672.1 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* added by Section 1 of the Act of August 7, 1961, P.L. 968, 24 P.S. §6-672.1. Section 672.1 provides a tax formula to be used by school districts located in more than one county to collect real estate taxes. The appellees' school district, the North Pocono School District, lies in both Wayne and Lackawanna counties.

On May 25, 1982, the court of common pleas, after overruling the District's preliminary objections and denying the Taxpayers' motion for peremptory judgment, issued a writ in mandamus directing the District to refund to the appellees those taxes overpaid by them. In doing so, however, the court limited the re-

fund to the two years preceding the Taxpayers suit, noting that Section 1 of the Act of May 21, 1943, P.L. 349, *as amended,* 72 P.S. §5566(b) (Act), limits the refund of taxes improperly paid to any political subdivision to within two years of payment. The appeal is now to this Court.

The District's main contention to this Court is that it was improper for the court of common pleas to issue a writ of mandamus since a complete and adequate remedy exists at law whereby the appellee Taxpayers could have sought a refund of their overpaid taxes. The District directs this Court's attention to Section 1 of the Act which provides that a Political subdivision shall refund taxes to which it is not legally entitled upon the filing of a written and verified claim, and Section 2 of the Act, 72 P.S. §5566(c), which provides that if the subdivision fails or refuses to grant a refund, an aggrieved person shall have the right to bring an action in assumpsit against the subdivision in the court of common pleas in the county where the subdivision is located. It is well established by now that mandamus is an extraordinary writ which lies to compel performance of a ministerial or mandatory duty when there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other adequate and appropriate remedy. *Shaler Area School District v. Salakas,* 494 Pa. 630, 432 A.2d 165 (1981), *Rizzo v. Schmanek,* 63 Pa. Commonwealth Ct. 547, 439 A.2d 1296 (1981). In the present case the Taxpayers failed to avail themselves of the statutory remedies provided for in Sections 5566(b) and 5566(c) of the Act. Since these statutory remedies would have been adequate we must conclude that the court of common pleas erred as a matter of law by issuing a writ of mandamus.[1]

---

[1] Due to our disposition of the present appeal, we need not and do not address other issues raised by the parties.

And Now, this 18th day of October, 1983, the Order of the Court of Common Pleas of Wayne County, dated May 25, 1982 issuing a Writ of Mandamus in the above captioned case, is hereby reversed.