City of Pittsburgh, a municipal corporation, Appellant v. Jules Melograne, t/a Eppy's Parking Lot, Appellee.

244

Argued March 13, 1985, before President Judge CRUMLISH, JR., and Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Ronald Pferdehirt,* with him, *Marvin A. Fein* and *Grace S. Harris,* Assistant City Solicitors, and *D. R. Pellegrini,* City Solicitor, for appellant.

*Samuel P. Kamin,* for appellee.

OPINION BY JUDGE MACPHAIL, May 14, 1985:

The Appellant, the City of Pittsburgh (City), appeals from a decision of the Court of Common Pleas of Allegheny County which entered an order issuing a writ of mandamus to compel the City to refund to the Appellee, Jules Melograne, trading as Eppy's Parking Lot (Taxpayer), taxes which the City improperly collected. We reverse.

Taxpayer leased and operated a parking lot in Pittsburgh under a Concession Agreement with Allegheny County. At the time relevant to this appeal, the City imposed a tax on all transactions of each operator with respect to each non-residential parking place at the rate of twenty (20) percent of the gross receipts from all transactions.[1] Taxpayer paid the parking taxes from the fourth quarter of 1970 through the first quarter of 1972. In *Public Parking Authority of Pittsburgh v. City of Pittsburgh,* (No. 687 July Term 1972, filed December 29, 1972), the Court of Common Pleas of Allegheny County held that lessee/operators of the Parking Authority of Pittsburgh were exempt from the taxes imposed by Ordinance 704.[2] On December 26, 1973, Taxpayer made a written request for a refund for the taxes paid for the years 1971-72 pursuant to Section 1 of the Refund Enabling Act of 1943, Act of May 21, 1943, P.L. 349, *as amended,* 72 P.S. §5566b (Act). The City neither acknowledged receipt of the request nor acted upon it.

Taxpayer filed his complaint in mandamus November 22, 1978, requesting the court of common pleas to order the City to refund the taxes in question. On

---

[1] Pittsburgh Parking Tax Ordinance of 1969 (Ordinance 704), enacted pursuant to The Local Tax Enabling Act, Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §§6901-6924.

[2] This decision was affirmed in *City of Pittsburgh v. Public Parking Authority of Pittsburgh,* 11 Pa. Commonwealth Ct. 442, 314 A.2d 887 (1974), *cert. denied,* 421 U.S. 912 (1975).

March 30, 1982, the trial court issued the writ of mandamus directing the City to refund Taxpayer $15,-526.26, representing the refund of parking taxes with interest from the dates of payment. The instant appeal followed.

Argument was heard by a panel of this Court on November 15, 1984. On order of this Court, the case was reargued before a court en banc on March 13, 1985. Counsel were directed by our order to address the issue of the effect, if any, of the provisions of Section 708(a) of the Judicial Code (Code), 42 Pa. C. S. §708(a)[3] upon Section 2(c) of the Act, 72 P.S. §5566c. Section 2(c) provides that where the taxing authority refuses to make a refund of taxes claimed to be due, the Taxpayer has a right to bring an action in assumpsit. Our concern was whether the Code's provisions compelled us to consider the Taxpayer's choice of remedies here as merely a matter of form rather than substance. That issue had not been raised or discussed by the parties in their previous arguments to the panel of this Court.

Whether to issue a writ of mandamus is, of course, within the discretion of the trial court, and on appeal our scope of review is limited to a determination of whether the lower court abused its discretion or committed an error of law. *West Penn Power Co. v. Board of Property Assessment,* 80 Pa. Commonwealth Ct. 378, 382, 471 A.2d 1285, 1287 (1984). It is well established that mandamus is an extraordinary writ which lies to compel the performance of a ministerial act where there is a clear legal right in the plaintiff, a corresponding duty in the defendant and a want of any

---

[3] Section 708(a) of the Code reads as follows:

No objection to a governmental determination shall be defeated by reason of error in the form of the objection or the office of the clerk of court in which this objection is filed.

other adequate and appropriate remedy. *Cottone v. Kulis,* 74 Pa. Commonwealth Ct. 522, 460 A.2d 880 (1983).

The City contends that it was improper for the court of common pleas to issue the writ of mandamus because a complete and adequate remedy exists at law whereby Taxpayer could have sought a refund. We agree.

The Act provides that if the proper authorities refuse to make the refund, the Taxpayer may bring suit in assumpsit[4] to recover such taxes not legally due that authority. 72 P.S. §5566c. Taxpayer did not pursue that statutory remedy but rather commenced an action in mandamus, as we have noted. In *Leonard v. Canova,* 77 Pa. Commonwealth Ct. 604, 466 A.2d 299 (1983) (appeal dismissed December 14, 1984), this Court recently examined the propriety of issuing a writ of mandamus for the refund of taxes improperly collected. In *Leonard,* as here, the taxpayers failed to avail themselves of the statutory remedy provided for in Section 2 of the Act. We held that since these statutory remedies would have been adequate, the court below erred as a matter of law by issuing a writ of mandamus. As in *Leonard,* we hold here that the Taxpayer is not entitled to relief in mandamus.[5]

In addition, we now hold that Section 708(a) of the Code does not require a different result from that which we reached in *Leonard.* The Taxpayer here is not "objecting" to a governmental determination; it is demanding a refund of taxes allegedly illegally collected by the City. It is not the form of the "objection" that is fatal to the Taxpayer's cause of action; rather, it is the Taxpayer's failure to follow a pre-

---

[4] Pa. R.C.P. No. 1001(b)(1) now provides that all claims heretofore asserted in assumpsit shall be asserted as a "civil action".

[5] Our disposition of this issue obviates the necessity of addressing the other issues raised in this appeal.

scribed statutory remedy that compels us to deny recovery.[6]

Order reversed.

### ORDER

The order of the Court of Common Pleas of Allegheny County, No. G.D. 78-27755, dated May 29, 1982, issuing a writ of mandamus in the above captioned case is hereby reversed.

---

[6] Ths Court also considered *sua sponte* the effect of Section 708 (c) of the Code which provides that an action brought in mandamus where the proper mode of relief would be an appeal should not be dismissed on that ground alone. Of course, the taxpayer's mandamus action in the trial court was not in the nature of an appeal from a governmental determination; rather, it was an action to obtain a refund.

---

DISSENTING OPINION BY JUDGE BARRY:

Contrary to the assertion of the majority, I believe that Section 708(a) of the Judicial Code, 42 Pa. C. S. 708(a) (Section 708(a)), applies in the present case. I believe the majority is acting incorrectly in reversing the trial court simply because the appellee filed suit in mandamus rather than in assumpsit as is undoubtedly indicated by Section 2c of the Refund Enabling Act of 1943, Act of May 21, 1943, P.L. 349, *as amended*, 72 P.S. §5566c.

Section 708(a) clearly states, "No objection to a governmental determination shall be defeated by reason of error in the form of the objection or the office of clerk of court in which the objection is filed." Appellee has demanded a refund of taxes which the City of Pittsburgh (City), he contends, was not entitled to collect, and the City took no action on appellee's request for a refund. I believe the refusal to take action on appellee's request constituted a governmental determination as envisioned by the drafters of the Ju-

dicial Code. "Objection" is defined in Black's Law Dictionary, p. 968 (5th Ed. 1979) as "[t]he . . . argument or reason urged by [a party] in support of his contention that the matter or proceeding objected to is improper or illegal." Appellee therefore had at least two ways to "object" to the City's inaction on his refund request. He could have filed an action in assumpsit as called for by the Refund Enabling Act or he could have filed an action in mandamus. There can be no dispute that were it not for the Section 2c of the Refund Enabling Act, mandamus would be a proper remedy in the situation where a governmental body refused to act on a taxpayer's demand for refund of improperly collected taxes. In my view, the majority's assertion that the form of the objection is fatal to his case is no longer the law in view of the passage of the Judicial Code. What else can this provision mean if not exactly this? Are we so used to doing things the old way that we are overlooking the obvious?

It is well known that in recent years, courts have been loath to abide by hyper-technical and overly formal rules which tend to defeat, rather than promote, the prompt resolution of cases on the merits. *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975) (plurality opinion). The Supreme Court, in adopting its own rules, has stated, "The rules shall be liberally construed to secure a just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The Court *at every stage of any such action or proceeding may disregard any error or defect of procedure* which does not affect the substantial rights of the parties." Pa. R.C.P. No. 126 (emphasis added). The Supreme Court has recently abolished the procedural distinctions between actions in assumpsit and trespass. Pa. R.C.P. No. 1001. I, therefore, believe that Section 708 (a), *which deals only with public bodies,* was passed

in accordance with the desire to soften the effect of rules which follow the hyper-technical pleading requirements of the common law. Appellee's action in mandamus, I believe, was properly before the trial court.

The City alleges that appellee failed to file a timely request for a refund. Section 2b of the Refund Enabling Act provides, in pertinent part, "Refunds of said moneys [to which the political subdivision is not entitled] shall not be made, unless a written claim therefore is filed, within the political subdivision involved, within two years of payment therefore. . . ." 72 P.S. §5566b. The record indicates that appellee made payments on the tax in question for the fourth quarter of 1970, all four quarters in 1971 and the first quarter of 1972. Unfortunately, the record does not indicate the date of payment for each of these quarters. I do believe that any payments made before December 27, 1971 (appellee filed the demand for refund on December 27, 1973) cannot be recovered because of the time provisions of Section 2b. Obviously, if the appellee is barred under a proper form of action, he can't reinstate his claim by choosing an improper form of action.

The trial court held it could not deal with the timeliness of the refund demand because another judge had denied the City's preliminary objection on this issue in a pre-trial proceeding. The trial judge therefore reasoned that he was bound by the order of the Court of Common Pleas of Allegheny County. I need not resolve that exact question. Whatever effect the prior order denying preliminary objections may have had is of no moment, as we are reviewing for the first time *in our appellate capacity* the propriety of the ruling on the timeliness of the refund demand.

The City raises a number of other arguments concerning the impropriety of the trial court's order re-

quiring the City to refund the taxes in question. My review of the record indicates that none of these arguments have any merit. Due to the uncertainty concerning the date of payment of the taxes in question with regard to the timeliness of the refund demand, I would remand for a factual determination of this issue.

Judge CRAIG joins in this dissent.