521 A.2d 986

Temple University—of the Commonwealth System of Higher Education, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued June 9, 1986, before Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Matthew M. Strickler,* with him, *Wendy Fleishman, Ballard, Spahr, Andrews & Ingersoll,* for petitioner.

*John A. Kane,* Chief Counsel, with him, *Bruce G. Baron,* for respondent.

OPINION BY JUDGE BLATT, March 3, 1987:

The Commonwealth of Pennsylvania, Department of Public Welfare (DPW) has filed Preliminary Objections to Temple University's (Temple) Petition for a Writ of Mandamus.

In the fall of 1975 and 1976, Temple filed cost reports for fiscal years ending 1975 and 1976 in which it claimed to be entitled to reimbursement for in-patient care provided to medical assistance beneficiaries. After numerous attempts to obtain complete reimbursement, Temple appealed DPW's disallowance of certain claims to this Court.[1] On July 6, 1984, we ordered that the findings of hearing examiner Miller be reinstated[2] and

---

[1] A detailed recitation of the facts and procedural history of this case from 1975 until July 6, 1984 can be found at *Temple University v. Auditor General (Temple I),* 44 Pa. Commonwealth Ct. 283, 403 A.2d 1048 (1979), and *Temple University v. Department of Public Welfare (Temple II),* 83 Pa. Commonwealth Ct. 516, 480 A.2d 1267 (1984).

[2] Hearing examiner Miller made findings favorable to Temple in the 1975 and 1976 appeal, but prior to the adoption of those

that the Temple 1977 appeal be remanded for further hearings. *Temple II.* DPW, however, took no action concerning that order. On January 9, 1986 Temple filed a Petition for Review in our original jurisdiction seeking a Writ of Mandamus requesting that this Court direct DPW to:

(1) adopt the findings and recommendations of examiner Miller as to the 1975 and 1976 appeals and to sustain those appeals;

(2) consider the appeals for 1977 and subsequent years in light of the sustaining of the 1975 and 1976 appeals and sustain those appeals under the principles of collateral estoppel; and

(3) pay Temple interest at the legal rate on the amounts at issue on all appeals because of DPW's delay in processing those appeals.

Subsequent to the filing of this mandamus action, the Director of the DPW Office of Hearings and Appeals issued a final administrative decision on February 3, 1986 which sustained the 1975 and 1976 appeals.[3] Temple thereafter received the monies it requested for those fiscal years. Furthermore, the appeals for 1977 and subsequent years were consolidated and are currently before a hearing examiner who has requested briefs addressing the collateral estoppel effect of the 1975 and 1976 appeals on subsequent years. Temple has consequently withdrawn its request that examiner Miller's recommendations on the 1975 and 1976

findings, that appeal was reopened and consolidated with the 1977 appeal. Hearing examiner Currie thereafter made findings unfavorable to Temple in the consolidated appeals.

[3] On March 5, 1986 Temple filed a Petition for Review with this Court, docketed at 588 C.D. 1986, requesting that we modify the February 3, 1986 order so as to include payment to Temple of interest at the legal rate on the monies initially disallowed for fiscal years 1975 and 1976.

appeals be adopted and that those appeals be sustained, and also its request that the appeals for 1977 and subsequent years be considered under the principles of collateral estoppel. We will not address, therefore, DPW's preliminary objections with regard to those issues. Consequently, the only issue remaining is whether or not Temple is entitled to interest at the legal rate on the amounts originally withheld by DPW for fiscal years 1975 and 1976.

DPW has preliminarily objected to Temple's interest claim on the grounds that Temple's Petition for Review of the February 3, 1986 order pending before this Court provides an adequate remedy at law. The mere availability of the right to Petition for Review, however, does not create substantive legal rights. Furthermore, the Petition for Review here was filed as a separate action before this Court, the propriety and merits of which we may not consider in ruling on DPW's preliminary objections to this mandamus action. We will dismiss, therefore, DPW's preliminary objection to this mandamus action on the grounds that the Petition for Review provides no adequate remedy at law.

DPW has also preliminarily objected to Temple's interest claim on the grounds that Temple has an adequate remedy at law, has failed to state a claim upon which relief can be granted, has no clear legal right to the interest, and has been paid the amount due without interest.

Mandamus, of course, is an extraordinary writ which lies to compel the performance of ministerial duties or mandatory acts where there is a clear legal right in the petitioner, a corresponding duty in the respondent, and a lack of an adequate remedy at law. *United States Steel Corp. v. Papadakos*, 63 Pa. Commonwealth Ct. 213, 437 A.2d 1044 (1981).

DPW cites *City of Pittsburgh v. Melograne*, 89 Pa. Commonwealth Ct. 243, 492 A.2d 474 (1985), *vacated*

*and remanded per curiam* 509 Pa. 588, 506 A.2d 897 (1986), in support of its contention that Temple has an adequate remedy at law.[4] That case, however, is inapposite. In *Melograne,* we held that mandamus was improper to compel a tax refund where there was a specific statutory remedy providing for a suit in assumpsit to compel the return of taxes not legally due the authority. Temple, however, is seeking delay damages here rather than a tax refund, and it has no adequate statutory remedy. *City of Pittsburgh v. Department of Transportation,* 490 Pa. 264, 416 A.2d 461 (1980). In *City of Pittsburgh,* the Pennsylvania Supreme Court clearly established our authority to award interest for delay by a Commonwealth agency and to award such interest on the principal amount paid during the pendency of a mandamus action. Futhermore, pursuant to 42 Pa. C. S. §8303,[5] mandamus is the proper means by which to seek damages for a refusal to perform a duty required by law. Inasmuch as we find *City of Pittsburgh* to be controlling on the issue of whether or not mandamus is the proper means by which to seek delay damages from a Commonwealth agency for its failure to pay a sum due even though that sum was subsequently paid, and we also find that Temple has stated a claim for which relief may be granted,

---

[4] The Pennsylvania Supreme Court vacated and remanded this Court's order in *Melograne* so as to allow the petitioner to file an amended complaint in assumpsit. It did not change our holding concerning the impropriety of a mandamus action to compel a tax refund.

[5] Section 8303 of the Judicial Code, 42 Pa. C. S. §8303 provides that:

A person who is adjudged in an action in the nature of mandamus to have failed or refused without lawful justification to perform a duty required by law shall be liable in damages to the person aggrieved by such failure or refusal.

we will dismiss DPW's preliminary objections alleging that Temple had an adequate remedy at law, failed to state a claim upon which relief can be granted, had no clear legal right to the interest, and has already been paid the amount due without interest.

### ORDER

AND NOW, this 3rd day of March, 1987, the Department of Public Welfare's Preliminary Objections to the Petition for a Writ of Mandamus in the above-captioned matter are dismissed.

Judge DOYLE dissents.