Barry L. Runyan and Theresa A. Runyan, his wife et al., Appellants *v.* Board of Assessment Appeals of Montgomery County, Pennsylvania, Appellee.

Argued April 2, 1979, before Judges WILKINSON, JR., BLATT and DISALLE, sitting as a panel of three.

*Matthew S. Santangelo*, with him *Santangelo, Lewis, Skypala & Cooper*, for appellant.

*Michael D. Marino*, for appellee.

OPINION BY JUDGE WILKINSON, JR., May 25, 1979:

This is an appeal from a dismissal in the Montgomery County Court of Common Pleas on preliminary objections of an action in mandamus brought by twenty-one taxpayers of Montgomery County (taxpayers) against the Board of Assessment Appeals of Montgomery County (Board). We affirm the dismissal.

In March of 1977 the Board mailed new assessment notices to the owners of properties in Montgomery County. These notices were defective in many ways. They did not comply in specific procedure with the

provisions of Section 8 of the Act of June 26, 1931 (Act), P.L. 1379, *as amended,* 72 P.S. §5349.

On April 5, 1977, taxpayers filed a complaint in mandamus. Part of this complaint alleged that:

6. The notice as set forth in Exhibit 'A' generally used by the Board of Assessment Appeals of Montgomery County is defective in that:

(a) It was not sent within five (5) days of completing the assessments rolls;

(b) Does not set forth that the appeal may be taken on or before the 1st day of September, but to the contrary reduces the time of statutory appeal to thirty (30) days;

(c) Does not make clear that *the appeal* must be taken in writing and implies on the face thereof that 'inquiries' may be made by telephone;

(d) Does not set forth on the face of the notice (as mandated in the statute) that the appeal must set forth the address to which notice of the time and place for a hearing of the appeal shall be mailed.

7. The Act of Assembly, cited above, further provides: 'Any person aggrieved by any assessment whether or not the value shall have changed since the preceding annual assessment, or any taxing district having an interest therein may appeal to the Board for relief. Any person or such taxing district desiring to make an appeal *shall on or before the 1st day of September,* file with the Board an appeal in writing . . .'

8. The Board of Assessment Appeals of Montgomery County, contrary to the above-cited provision, has indicated on the notices generally mailed throughout the county that the 'Appeal must be filed within thirty (30) days'

in contravention of the statute specifically cited above and leaves unclear when the thirty (30) days, if valid, shall commence i.e. mailing or receipt. (Emphasis in original.)

It further alleged that the time for the hearings would be too short; the Board failed to consider the effect of Flood Plain Ordinance on the value of property near Pottstown; that the Board did not actually physically inspect the taxable property; that some assessors were inexperienced; that the assessment was prejudicial to low and fixed income groups; and it finally asked the court to declare the valuations null and void.

In July of 1977 new notices which fully complied with the Act were mailed. On January 10, 1978 the Court of Common Pleas of Montgomery County sustained the Board's Preliminary Objections to the taxpayers' complaint in mandamus and dismissed it. This appeal followed.

The court of common pleas dismissed the complaint for a number of reasons. Without passing on the others, it is sufficient that we affirm on the basis that appellants had an adequate remedy at law.

Mandamus, which is an extraordinary writ, will not lie where there is an adequate remedy at law which has not been pursued. Section 8 of the Act, which applies here describes the avenue a taxpayer should use for appeals of his assessment:

> (c) Any person aggrieved by any assessment, whether or not the value thereof shall have been changed since the preceding annual assessment, may appeal to the board for relief. Any person desiring to make an appeal shall, on or before the first day of September, file with the board an appeal, in writing, setting forth:
> (1) The assessment or assessments by which such person feels aggrieved;

(2)  The address to which the board shall mail notice of the time and place of hearing.

If not satisfied at this level taxpayer may appeal to common pleas court. Section 9 of the Act. 72 P.S. §5350 says in pertinent part:

(a)  After action on such assessment by said board, any dissatisfied taxable or taxing district may, within thirty days from the final fixing of his assessment and valuation, appeal therefrom to the court of common pleas of the said county in the manner provided by law for appeals from assessments; and it shall be the duty of the court at once to hear and determine said appeal, and, if necessary, to make such changes therein as may be right and proper.

These statutory remedies are clearly adequate. Judge SMILLIE in the opinion below emphasized this point, relying on the authority of *Goodman v. Meade,* 162 Pa. Superior Ct. 587, 60 A.2d 577 (1948):

In [Goodman, supra] the plaintiff had appealed his property assessment for 1945. The Court decided the appeal in plaintiff's favor and reduced his assessment. The plaintiff's property was assessed in 1946 for the same amount as it had been assessed for in 1945. Plaintiff brought an action in mandamus to compel the Board of Assessment to reduce his 1946 assessment to the amount fixed by the Court for 1945.

The Court refused the mandamus petition. It stated that if plaintiff was aggrieved by the assessment they had another *'adequate and appropriate remedy—the* statutory right of *appeal from the assessment. . . .'* (Emphasis in original.)

Accordingly we will enter the following

### ORDER

AND NOW, May 25, 1979, the order of the Court of Common Pleas of Montgomery County, Civil Action— Law, No. 77-5924, dated January 10, 1978, is hereby affirmed.