## F & M Schaefer Brewing Co. (Stroh's Brewery Co.) v. Board of Assessment Appeals of the County of Lehigh, Pennsylvania, and County of Lehigh. County of Lehigh, Appellant.

Argued September 12, 1985, before Judges DOYLE and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Lawrence W. Brenner,* with him, *Jeffrey R. Dimmich,* Assistant County Solicitor, for appellant.

*Philip J. Giannyario,* with him, *Calvin O. Trevenen, Garippa & Trevenen, P.A.,* for appellee.

OPINION BY JUDGE PALLADINO, December 23, 1985:

This is an appeal by the County of Lehigh (County) from an order of the Court of Common Pleas of Lehigh County (trial court) which vacated the dismissal by the Board of Assessment Appeals of the County of Lehigh (Board) of the 1984 tax assessment appeal of F & M Schaefer Brewing Company (taxpayer) and ordered the Board to conduct a hearing on taxpayer's appeal. We affirm.

Taxpayer is the record owner of a parcel of real property located in Upper Macungie Township, Lehigh County, Pennsylvania. On August 29, 1983 a Statement of Intention to Appeal taxpayer's 1984 real property assessment was filed with the Board by Robert J. Timbe of the appraisal firm of Du Charme, McMillen & Associates, Inc. At some time subsequent to September 1, 1983 and prior to October 7, 1983, an

undated letter, executed by John Dinsmore, taxpayer's Director of Real Property Taxes, and written on the stationery of the Stroh Brewery Company (Stroh) was filed with the Board. The letter stated that the firm of Du Charme, McMillen & Associates, Inc. was authorized to act on behalf of Stroh concerning real estate assessments for 1983 on property owned by Stroh in Upper Macungie Township. On September 28, 1983 an amended Statement of Intention to Appeal taxpayer's 1984 tax assessment, signed by A. J. Tonna, Executive Vice-President of taxpayer, was filed with the Board.

The Board scheduled a hearing on the appeal for October 27, 1983 and taxpayer appeared for the scheduled hearing. Without taking any testimony, the Board ruled that the August 29, 1983 Statement of Intention to Appeal was not filed in conformity with the Board's regulations and that the September 28, 1983 Statement of Intention to Appeal was not filed within the statutorily prescribed time period. The Board, therefore, dismissed the appeal as untimely filed. A written notice of the Board's decision was sent to the taxpayer on October 31, 1983. The written notice included a statement that the Board's decision could be appealed to the trial court within thirty days.

On November 7, 1983, taxpayer filed an action in mandamus with the trial court requesting that the Board's dismissal be vacated and that the Board be ordered to conduct a hearing on taxpayer's appeal. The County intervened. The trial court heard testimony and entered an order granting taxpayer the requested relief.

The County now appeals to this Court asserting two grounds of error: (1) because there is an adequate statutory remedy, mandamus is not the proper procedure to challenge a dismissal of a tax assessment

appeal; and (2) taxpayer did not file an appeal with the Board, in compliance with the Board's regulations prior to the statutorily prescribed deadline of September first, therefore, the trial court erred in vacating the Board's dismissal and ordering that a hearing be conducted. We shall address each argument in turn.

In support of its argument that mandamus will not lie to challenge a tax assessment, the County relies upon the case of *Runyan v. Board of Assessment Appeals of Montgomery County*, 43 Pa. Commonwealth Ct. 86, 401 A.2d 870 (1979), wherein we held that, where a taxpayer did not appeal a tax assessment to the Assessment Appeals Board according to the procedures prescribed by Section 8 of the Act of June 26, 1931, P.L. 1379, *as amended*, 72 P.S. §5349, mandamus would not lie to challenge the assessment at a latter date. *Runyan* is, however, distinguishable from the case at bar in two respects. First, the taxpayer in *Runyan* did not attempt to appeal the tax assessment to the Assessment Appeals Board. Second, the trial court proceedings in *Runyan* occurred prior to the effective date of 42 Pa. C. S. §708, and the *Runyan* Court did not consider the impact of Section 708.

Section 708(c) provides, in pertinent part:

If a complaint in the nature of equity, mandamus, prohibition, quo warranto or other original process is commenced in any court against a government unit . . . objecting to a governmental determination . . . where the proper mode of relief is an appeal from the determination of the government unit, this alone shall not be a ground for dismissal, but the papers whereon the process against the government unit . . . was commenced shall be regarded and acted on as an appeal from such determination

of the government unit and as if filed at the time such process was commenced.

It is undisputed that taxpayer filed an action in mandamus objecting to the Board's determination that its appeal had been untimely filed. Therefore, although the correct procedure would have been to appeal the Board's determination to the trial court pursuant to 72 P.S. §5350, Section 708(a) clearly provides that this alone shall not be cause for dismissal. Rather, the mandamus action must be treated as an appeal. The mandamus action was filed by taxpayer within the thirty day appeal period provided by 42 Pa. C. S. §5571(b). Therefore, although the trial court should have treated the case as an appeal, it did not err in reaching the merits of taxpayer's complaint and any error in the form of the proceedings was harmless.[1]

Consequently, we shall address the merits of this case as if taxpayer had taken an appeal from the Board's dismissal. The County asserts that the Board's dismissal of taxpayer's assessment appeal was proper because taxpayer did not file a Statement of Intention to Appeal its 1984 tax assessment in compliance with the Board's regulations before September 1, 1983, as required by 72 P.S. §5349(c). Section 5349(c) provides, in pertinent part:

> Any person aggrieved by any assessment, whether or not the value thereof shall have been changed since the preceding annual as-

---

[1] At oral argument the County also asserted that §708 does not apply to this case pursuant to our holding in *City of Pittsburgh v. Melograne*, 89 Pa. Commonwealth Ct. 243, 492 A.2d 474 (1985). In *Melograne* we held that Section 708 does not apply to a tax refund proceeding because the taxpayer's demand for a refund is not an objection to a governmental determination. The situation presented in the case at bar, however, is very different from the situation presented in *Melograne* because here the taxpayer is very clearly objecting to the Board's determination that taxpayer's appeal was not timely filed.

sessment, or any taxing district having an interest therein, may appeal to the board for relief. Any person or such taxing district desiring to make an appeal shall, on or before the first day of September, file with the board an appeal, in writing, setting forth:

(1) The assessment or assessments by which such person feels aggrieved;

(2) The address to which the board shall mail notice of the time and place of hearing.

On August 29, 1983, taxpayer did file an appeal with the Board which set forth the challenged assessment and an address to which the Board was to mail notice of the time and place of a hearing. Thus, taxpayer did comply with the requirements of Section 5349(c). The Board, however, has adopted rules and regulations which provide, in pertinent part:

1. All notices of property assessment appeal shall be executed by an aggrieved party of record. In cases in which a corporation shall be aggrieved party, all property assessment appeals shall be executed by an officer of said corporation, stating the title of such officer, or by a duly authorized employee of the aggrieved corporation which shall be accompanied by a notarized certification that he is authorized to act on behalf of the corporation.

It is undisputed that taxpayer's August 29, 1983 Statement of Intention to File an Appeal was executed neither by an officer of the corporation, nor by an employee accompanied by a notarized certificate of authorization. The County contends that this defect is fatal to taxpayer's appeal and that taxpayer's attempts to correct the flaw by filing an authorization, and later, a Statement of Intention to Appeal signed by an officer of the corporation cannot be accepted. We disagree.

It is the policy of the courts of this Commonwealth to liberally construe procedural rules to secure the just determination of every action or proceeding. *See* Pa. R.C.P. No. 126; *Byard F. Brogan, Inc. v. Holmes Electric Protective Company of Philadelphia,* 501 Pa. 234, 460 A.2d 1093 (1983), *citing McKay v. Beatty,* 348 Pa. 286, 35 A.2d 264 (1944).

> The trial of a lawsuit is not a sporting event where the substantive legal issues which precipitated the action are subordinate to the 'rules of the game'. A lawsuit is a judicial process calculated to resolve legal disputes in an orderly and fair fashion. It is imperative that the fairness of the method by which the resolution is reached not be open to question.

*Byard F. Brogan, Inc.,* 501 Pa. at 240, 460 A.2d at 1096. This policy applies equally to local agency proceedings as it does to proceedings before the various courts of the Commonwealth.

The situation presented by the case at bar is analogous to a situation where a technical defect is made in a pleading before a trial court. Taxpayer did not comply with the technical requirement that an officer or employee of the corporation execute the Statement of Intention to Appeal. Neither the Board nor the County were prejudiced by this error because at all relevant times they were aware of the identity of the party appealing its assessment. Taxpayer attempted to amend its Statement by filing an Amended Statement which was properly executed. For the Board to reject the Amended Statement contravenes the policy of the courts of the Commonwealth to liberally grant the right to amend pleadings. *Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983). This is especially true when no prejudice would result to the other party, *Lincoln Intermediate Unit No. 12 v. Bermudian Springs School District,* 65

Pa. Commonwealth Ct. 33, 441 A.2d 813 (1982), or when the amendment is requested to cure a technical defect, *Hayes v. School District of Pittsburgh,* 33 Pa. Commonwealth Ct. 71, 381 A.2d 193 (1977), *Liquor Control Board v. Rapistan,* 14 Pa. Commonwealth Ct. 501, 323 A.2d 410 (1974).

We conclude that taxpayer's failure to have its August 29, 1983 Statement of Intention to Appeal its 1984 real property tax assessment executed by an officer of the corporation is a technical defect which would not cause the Board or the County any prejudice to allow it to be amended. Therefore, we affirm the trial court's order vacating the Board's dismissal of taxpayer's appeal and remand the case to the Board for a hearing on the merits.

### ORDER

AND Now, December 23, 1985, the order of the Court of Common Pleas of Lehigh County, at No. 83-C-3255, dated December 4, 1984, which vacated the dismissal by the Board of Assessment Appeals of the County of Lehigh of the tax appeal filed by F & M Schaefer Brewing Company and ordered a hearing on the merits, is affirmed.