# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Bruce G. Baron, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 503 M.D. 2016 |
| | : | Argued: June 7, 2017 |
| Commonwealth Department | : | |
| of Human Services; and, | : | |
| Health Partners Plans, Inc., | : | |
| Respondents | : | |

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE ROBERT SIMPSON, Judge
HONORABLE P. KEVIN BROBSON, Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE JOSEPH M. COSGROVE, Judge

**OPINION**
**BY JUDGE SIMPSON**                              **FILED: September 21, 2017**

In this matter of first impression, we consider whether a requester may enforce an order to disclose records sought under the Right-to-Know Law (RTKL)[1] while an appeal of that order is pending. Before us are Health Partners Plans, Inc.'s (Health Partners) preliminary objections in the nature of a demurrer to Bruce G. Baron's (Petitioner) petition for review seeking mandamus relief in our original jurisdiction to enforce the Office of Open Records' (OOR) order directing the Department of Human Services (DHS) to disclose records to him within 30 days. Because Petitioner fails to show a clear right or mandatory duty, we sustain the preliminary objections and dismiss his petition with prejudice.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101–67.3104.

## I. Background

Petitioner submitted a RTKL request to DHS for rates paid to nursing homes by managed care organizations (MCOs) participating in the Medical Assistance program, HealthChoices. After notifying the MCOs, DHS responded that it lacked possession of the rates. Based on the MCOs' claimed exemptions, DHS denied access. Petitioner appealed to OOR.

OOR invited the parties to submit evidence, and it advised DHS to notify interested third parties. After receiving notice, the MCOs, comprised of the Health Plans,[2] Gateway Health Plan, Inc. (Gateway) and Health Partners, elected to participate in OOR's proceedings under Section 1101(c) of the RTKL, 65 P.S. §67.1101(c). The MCOs submitted evidence to support their claimed exemptions. Gateway also argued the rates did not qualify as records of DHS under the RTKL.

After developing the evidentiary record, OOR granted Petitioner's appeal. See Baron v. Dep't of Human Servs., OOR Dkt. No. AP 2016-1038 (July 13, 2016) (Final Determination). Specifically, it stated: "[DHS] is required to provide the requested records as directed." Id. at 10 (emphasis added) (Disclosure Order). Notably, the Disclosure Order did not direct the MCOs to take any action.

Within 30 days, the Health Plans and Gateway filed petitions for review to the Disclosure Order. Petitioner then filed a timely cross-petition for review, later amended to delete any reference to the RTKL as a basis for our jurisdiction.

---

[2] Collectively, the MCOs comprising the Health Plans are: UnitedHealthcare of Pennsylvania, Inc.; Aetna Better Health, Inc.; UPMC for You, Inc.; Geisinger Health Plan; AmeriHealth Caritas of Pennsylvania; AmeriHealth Caritas Northeast; and, Keystone First.

Subsequently, Petitioner filed a "Petition for Review in Mandamus & Related Ancillary Relief Petition for Enforcement of Final Order" (Mandamus Petition) against DHS and Health Partners as respondents. The Mandamus Petition did not name OOR as a respondent, or ask this Court to compel OOR to enforce its Disclosure Order pursuant to Pa. R.A.P. 3761.

In his Mandamus Petition, Petitioner acknowledged the timely appeals by the Health Plans (No. 1357 C.D. 2016) and Gateway (No. 1358 C.D. 2016), (collectively, Direct-Interest Participants). Mandamus Pet. at ¶2. Petitioner also admitted he filed a cross-petition for review, which, in part, asked this Court to enforce the Disclosure Order in our appellate jurisdiction (No. 1427 C.D. 2016). Id. This Court, on its own motion, consolidated the three appeals to the Final Determination (collectively, Consolidated Appeals). Significantly, in our appellate jurisdiction, Petitioner challenges the final determination underlying the Disclosure Order for which he now seeks enforcement in our original jurisdiction.

DHS filed an answer to the Mandamus Petition.[3] Health Partners filed preliminary objections to the Mandamus Petition, to which Petitioner replied. After argument on the preliminary objections, President Judge Mary Hannah Leavitt directed the parties to brief whether the Consolidated Appeals triggered the automatic stay in Section 1301(b) of the RTKL, 65 P.S. §67.1301(b). The en banc Court heard argument, seriately, with the Consolidated Appeals. After briefing and argument, the matter is now ready for disposition.

---

[3] DHS stated it "has not provided Petitioner with the requested records as ordered … because [it] does not have custody of the requested documents. Although [DHS] demanded [them], Health Partners has refused to provide the requested documents." Answer to Mandamus Pet., ¶13.

3

## II. Discussion

Petitioner alleges the Disclosure Order binds DHS and Health Partners. Mandamus Pet. at ¶8 ("The [Disclosure Order] ordered DHS and Health Partners … to provide to Petitioner documents in the constructive possession of DHS …."). He also contends there is no stay in effect under Section 1301(b) of the RTKL, 65 P.S. §67.1301(b), because none of the Consolidated Appeals met the statutory criteria set forth in Section 1301(a) of the RTKL, 65 P.S. §67.1301(a). Notwithstanding the Consolidated Appeals, Petitioner claims the Disclosure Order remains enforceable because neither DHS nor Health Partners exercised its right to appeal from the Disclosure Order, and neither requested a stay.

Health Partners argues Petitioner cannot sustain a claim because he does not satisfy the prerequisites for mandamus relief. In addition to the demurrers based on the absence of a mandatory duty, Health Partners maintains the Consolidated Appeals triggered the automatic stay under the RTKL, and afford Petitioner an adequate legal remedy in this Court's appellate jurisdiction. Further, it claims the Mandamus Petition is preempted by the Defend Trade Secrets Act (DTSA), 18 U.S.C. §§1831-1839, and is barred by the doctrine of *lis pendens*.

## A. Legal Standards

As to preliminary objections in the nature of a demurrer, we may sustain preliminary objections only when, based on the facts pled, it is clear and free from doubt that the complainant will be unable to prove facts legally sufficient to establish a right to relief. Mazur v. Trinity Area Sch. Dist., 961 A.2d 96 (Pa. 2008). "For the purpose of evaluating the legal sufficiency of the challenged pleading, this

4

Court must accept as true all well-pled, material, and relevant facts alleged in the complaint and every inference that is fairly deducible from those facts." Markham v. Wolf, 147 A.3d 1259, 1270 (Pa. Cmwlth. 2016) (en banc). This does not include any legal conclusions stated in the pleading. Armstrong Cnty. Memorial Hosp. v. Dep't of Pub. Welfare, 67 A.3d 160 (Pa. Cmwlth. 2013).

The common law writ of mandamus lies to compel the performance of a ministerial act or mandatory duty. Chesapeake Appalachia, LLC v. Golden, 35 A.3d 1277 (Pa. Cmwlth. 2012). "The burden of proof falls upon the party seeking this extraordinary remedy to establish his legal right to such relief." Werner v. Zazyczny, 681 A.2d 1331, 1335 (Pa. 1996). To state a claim for mandamus, a petitioner must establish the following three elements: (1) a clear legal right to relief in the petitioner; (2) a corresponding duty in the respondent; and, (3) the lack of any other adequate and appropriate remedy. Wilson v. Pa. Bd. of Prob. & Parole, 942 A.2d 270, 272 (Pa. Cmwlth. 2008). "Mandamus is not available to establish legal rights but only to enforce rights that have been established." Smires v. O'Shell, 126 A.3d 383, 387 (Pa. Cmwlth. 2015) (citations omitted). Further, "[a]s a high prerogative writ, mandamus is rarely issued and never to interfere with a public official's exercise of discretion." Id.

### B. Preliminary Objections

Health Partners raises several preliminary objections in the nature of a demurrer pursuant to Pa. R.C.P. No. 1028(a)(4). First, Health Partners argues mandamus is not a form of relief that may be obtained against it as a private party. Second, it asserts the Disclosure Order does not mandate non-agency action.

5

Third, it explains DHS owes no duty because the Disclosure Order is the subject of the Consolidated Appeals. As a result, disclosure is stayed under Section 1301(b) of the RTKL, 65 P.S. §67.1301(b). Further, disclosure is precluded by the DTSA. In addition, Health Partners contends the Mandamus Petition is barred by the doctrine of *lis pendens*. Essentially, it asserts Petitioner has an adequate legal remedy through the Consolidated Appeals, and his claims fall within this Court's appellate, as opposed to original, jurisdiction.

### 1. Mandamus

First, we consider whether the Mandamus Petition states a claim for which relief may be granted against either Health Partners or DHS.

### a. Duty on Health Partners

Health Partners argues mandamus is not appropriate against a private party. Further, it emphasizes the Disclosure Order does not mandate it to perform any action. Therefore, mandamus is an ineffective form of relief as to it. We agree.

"Mandamus is a device that is available in our system <u>to compel a tribunal or administrative agency to act when that tribunal or agency</u> has been 'sitting on its hands.'" <u>Pa. Dental Ass'n v. Ins. Dep't</u>, 516 A.2d 647, 652 (Pa. 1986) (emphasis added). One of the three elements required to state a claim for mandamus relief is a mandatory duty on the part of the respondent. <u>Wilson</u>.

Here, the source of the mandatory duty is the Disclosure Order. By its express terms, the Disclosure Order imposes no duty on Health Partners with which

6

Petitioner may enforce compliance. It does not mention the MCOs, or direct DHS to obtain responsive records from the MCOs. Because Petitioner cites no other source for the mandatory duty, he fails to state a mandamus claim against Health Partners.

### b. Duty on DHS

Next, we consider whether Petitioner states a mandamus claim against DHS. On its face, the Disclosure Order imposes a mandatory duty on DHS as it directs DHS to disclose responsive records to Petitioner within 30 days. However, Petitioner admits that the Disclosure Order he seeks to enforce is the same order under attack in the Consolidated Appeals, including a cross-petition *he* filed. Mandamus Pet. at ¶2. These Consolidated Appeals were pending at the time he filed the Mandamus Petition. Id. Under these circumstances and applicable law, Petitioner cannot state a claim for mandamus.

### (1) Enforceability

The Disclosure Order became an infirm basis for mandamus relief once it was challenged in the Consolidated Appeals. Crockett v. Se. Pa. Transp. Auth. (Pa. Cmwlth., No. 2068 C.D. 2011, filed May 23, 2012), 2012 WL 8700066 (unreported). Two fundamental issues are disputed in the Consolidated Appeals: (1) whether the rates are records of DHS; and, (2) whether the rates are public records subject to disclosure under the RTKL. Because the public status of the records is questioned, DHS' alleged mandatory duty of disclosure is not assured. For the same reason, Petitioner's alleged right to relief is unclear.

7

In *Crockett*, this Court upheld a trial court's order sustaining preliminary objections to a mandamus petition and dismissing the petition in similar circumstances. Like the instant matter, in *Crockett*, the local agency's appeal of the final determinations was pending at the time the petitioner filed his mandamus actions to enforce them. The trial court reasoned that since his right to the requested records had not been finally determined, the petitioner could not establish a mandatory duty on the part of the agency to provide access. On that basis, the trial court held the petitioner failed to state a claim. We affirmed.

Petitioner contends *Crockett* is distinguishable because the **agency** timely appealed pursuant to Section 1302(a) of the RTKL, 65 P.S. §67.1302(a). He disclaims the relevance of the Consolidated Appeals because none of the petitions for review complied with Section 1301(a) of the RTKL.

Section 1301(a) provides the general rule for judicial review of access disputes involving Commonwealth agencies. In pertinent part, it states:

> Within 30 days of the mailing date of the final determination of the appeals officer … issued under [S]ection 1101(b) or the date a request for access is deemed denied, a requester **or** the agency may file a petition for review or other document as might be required by rule of court with the Commonwealth Court.

65 P.S. §67.1301(a)(emphasis added).

Petitioner maintains the RTKL only recognizes appeals filed by the requester and the agency. In his view, the timely appeals filed by the Direct-Interest Participants do not qualify. Petitioner notes that his own cross-petition for review

8

was not filed within the requisite 30 days, and that he did not invoke our statutory jurisdiction under Section 1301 of the RTKL.

We decline Petitioner's invitation to construe Section 1301(a) so strictly. We also reject his premise that the failure of the RTKL to expressly contemplate appeals by parties other than a requester or agency renders such appeals less valid.

First, Petitioner's overly-technical reading does not account for the interplay of Section 1301 with court rules. See, e.g., Pa. R.A.P. 1512 (extending appeal deadline for cross-petitions). A court may also extend a statutory appeal period when the circumstances warrant it. Ercolani v. Dep't of Transp., Bureau of Driver Licensing, 922 A.2d 1034, 1037 (Pa. Cmwlth. 2007) ("[a] court may permit a licensee to appeal nunc pro tunc [when] the licensee's failure to file a timely appeal resulted from extraordinary circumstances involving fraud or a breakdown in the administrative or judicial process."). Moreover, a court possesses the inherent right to employ rules for procedure and practice before it so long as the rules do not conflict with the laws of the Commonwealth or the United States. Appeal of Borough of Churchill, 575 A.2d 550 (Pa. 1990).

In construing Chapter 13 of the RTKL, "[w]e presume that the General Assembly does not intend a result that is absurd, impossible of execution, or unreasonable, and that the General Assembly intends the entire statute to be effective and certain." Bowling v. Office of Open Records, 75 A.3d 453, 466 (Pa. 2013). We consider matters of procedure liberally to ensure access to the courts.

9

DeFazio v. Labe, 543 A.2d 540 (Pa. 1988); F & M Schaefer Brewing Co. v. Bd. of Assessm't Appeals of Lehigh Cnty., 502 A.2d 310 (Pa. Cmwlth. 1985); see Pa. R.C.P. No. 126; Pa. R.A.P. 105(a). Further, it is in the interest of judicial economy and just resolutions to avoid piecemeal litigation. With these principles in mind, we construe Section 1301 of the RTKL.

At the outset, we reject Petitioner's contention that his cross-petition did not comply with Section 1301(a) of the RTKL. Although it was not filed within 30 days as specified in that provision, his cross-petition for review was nonetheless timely pursuant to our Rules of Appellate Procedure.

Under Pa. R.A.P. 1512(a)(2), Petitioner had 14 days from the date Health Plans served their petition for review to file a cross-petition. By operation of the rule, he had additional time beyond the statutory appeal period to file a petition. Under a reasoned reading of the statute, in conjunction with applicable rules of court, Petitioner's cross-petition constitutes a petition for review filed by a requester pursuant to Section 1301(a) of the RTKL.

Regardless of whether Petitioner challenged OOR's final determination under Section 1301(a), the fact remains that the Direct-Interest Participants timely petitioned for review. Our RTKL jurisprudence recognizes such third-party appeals as proper. Dep't of Educ. v. Bagwell, 131 A.3d 638 (Pa. Cmwlth. 2016) (Bagwell 2016); W. Chester Univ. v. Schackner (Bravo), 124 A.3d 382 (Pa. Cmwlth. 2015); see also SWB Yankees LLC v. Wintermantel, 45 A.3d 1029 (Pa. 2012) (accepting third-party contractor's participation on appeal). An agency cannot waive a third

10

party's right in nondisclosure by action or inaction. Bagwell 2016, 131 A.3d at 649 ("agencies are not permitted to waive a third party's interest in protecting records.").

That DHS did not appeal does not impair Direct-Interest Participants' appeal rights. On appellate review, the Disclosure Order is subject to reversal or modification, undermining any immediate right to relief or mandatory duty to disclose. Hence, any attempt to enforce an *appealed* final determination before disposition of the merits is premature.[4]

Because the Disclosure Order is also the subject of the Consolidated Appeals, which question whether DHS has any duty to disclose, Petitioner is unable to establish that DHS currently owes him a mandatory duty or that he has a clear right to relief. Thus, he fails to satisfy the elements for mandamus relief.

### (2) Automatic Stay

Based on the supplemental briefing, and cognizant that this matter may be appealed, we also analyze the impact of our interpretation of Section 1301(a) of the RTKL on the stay contained in Section 1301(b) of the RTKL.

---

[4] Further, this Court recognizes mandamus may offer relief as to *unappealed* final determinations. See Capinski v. Upper Pottsgrove Twp., 164 A.3d 601 (Pa. Cmwlth. 2017), (holding mandamus is only appropriate "where the requester has not appealed the final determination to a court for a merits review") (emphasis added); Uniontown Newspapers v. Dep't of Corr., 151 A.3d 1196 (Pa. Cmwlth. 2016); Wishnefsky v. Dep't of Corr. (Pa. Cmwlth., No. 582 M.D. 2014, filed July 8, 2015), 2015 WL 5460111 (unreported) (unappealed Commonwealth agency order may be enforced through mandamus).

11

Section 1301(b) of the RTKL imposes an "automatic stay" upon the filing of an appeal to a final determination. See Office of Open Records v. Center Twp., 95 A.3d 354, 364 (Pa. Cmwlth. 2014) (en banc). That "stay [of] the release of documents [remains in effect] until a decision [by a Chapter 13 court] is issued." 65 P.S. §67.1301(b).

As analyzed above, Petitioner's timely cross-petition constitutes a petition for review filed by a requester under Section 1301(a) of the RTKL. A stay under Section 1301(b) is thus automatic, relieving DHS of any duty to disclose.

Mindful that Petitioner may withdraw or discontinue his challenge in the Consolidated Appeals, we go one step further and consider whether the Direct-Interest Participants' petitions for review triggered the automatic stay.

In addition to the principles that guide our statutory interpretation of Section 1301(a) of the RTKL, we weigh heavily the long-standing practice that permits third-party participation in RTKL appeals. See, e.g., Wintermantel; Bagwell 2016; Dep't of Corr. v. Maulsby, 121 A.3d 585 (Pa. Cmwlth. 2015); E. Stroudsburg Univ. Found. v. Office of Open Records, 995 A.2d 496 (Pa. Cmwlth. 2010) (en banc). Moreover, the General Assembly has already pre-judged that the threat of disclosing a non-public record warrants an automatic stay. Cf. Grine v. Cnty. of Centre, 138 A.3d 88 (Pa. Cmwlth. 2016) (en banc) (harm from improper disclosure is irreparable). Thus, it would be a waste of judicial resources to require a third party protecting a

12

recognized interest in non-disclosure to file a motion for a stay pending appeal under Process Gas[5] or other applicable standard.

Accordingly, we construe the automatic stay provisions to apply to Direct-Interest Participants' petitions for review. To do otherwise would nullify our RTKL jurisprudence recognizing third-party appeal rights as on equal footing with that of a requester or an agency as specified in Section 1301(a) of the RTKL.

By necessary implication, the stay applies to all records at issue regardless of the basis for the exemption, who asserted it, or who preserved it. The alternative encourages piecemeal litigation, whereby parts of a final determination are enforced and others are disputed, creating confusion for the parties and the courts.

## 2. Remaining Objections

Because Petitioner fails to state a claim for mandamus relief, we briefly review Health Plans' remaining objections in the interest of completeness. In sum, we discern no merit in the remaining preliminary objections.[6]

---

[5] Pa. Pub. Util. Comm'n v. Process Gas Consumers Grp., 467 A.2d 805 (Pa. 1983).

[6] We are unpersuaded by Health Partners' remaining objections under the Defend Trade Secrets Act (DTSA), the *lis pendens* doctrine, and as to the adequacy of a legal remedy in our appellate jurisdiction.
    In this context, the DTSA is comparable to the Copyright Act, 17 U.S.C. §§101-1332, in that neither federal statute exempts records from disclosure. Ali v. Phila. Planning Comm'n, 125 A.3d 92 (Pa. Cmwlth. 2015). The DTSA does not expressly provide the rates are confidential or trade secrets; rather, the statute creates a private right of action to prosecute the improper use of trade secrets. Notably, the DTSA does not designate the rates at issue as trade secrets. Health Partners presumes the trade secret status applies to such rates, which is necessary for application of the DTSA. The DTSA does not exempt the rates so as to render them non-public.
**(Footnote continued on next page…)**

13

## III. Conclusion

Petitioner predicated his Mandamus Petition on entitlement to enforce the Disclosure Order, which is the same order challenged in the Consolidated Appeals. Because the right to requested records has yet to be finally determined in the Consolidated Appeals, we sustain Health Partners' preliminary objections in the nature of a demurrer, and we dismiss the Mandamus Petition with prejudice.

_____

ROBERT SIMPSON, Judge

---

**(continued…)**

The doctrine of *lis pendens* requires proof of three elements: (1) the prior case is the same; (2) the parties are substantially the same, and, (3) the relief requested is the same. <u>Pa. Pharmacists Ass'n v. Dep't of Pub. Welfare</u>, 733 A.2d 666 (Pa. Cmwlth. 1999). The three-pronged test must be strictly applied when a party seeks to dismiss a claim under *lis pendens*. <u>Hillgartner v. Port Auth. of Allegheny Cnty.</u>, 936 A.2d 131 (Pa. Cmwlth. 2007). The applicability of *lis pendens* "is purely a question of law determinable from an inspection of the records in the two causes." <u>Id.</u> at 138.

Our comparison of Petitioner's Mandamus Petition with his cross-petition reveals differences in the types of relief sought. Here, he seeks an order mandating DHS' compliance with the Disclosure Order. In the Consolidated Appeals, he challenges OOR's rationale in the Final Determination, and he seeks a remand and reopening of the record to allow his submission of additional evidence. Although there is some overlap as to enforcement, and Petitioner briefs many of the same issues in both actions, the requested relief is not the same.

Also, as to having an adequate remedy by virtue of his cross-petition pending in our appellate jurisdiction, Petitioner's claim is not ripe for enforcement. Therefore, the Consolidated Appeals do not currently offer an adequate enforcement remedy.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bruce G. Baron,                           :
                          Petitioner      :
                                          :
          v.                              :     No. 503 M.D. 2016
                                          :
Commonwealth Department                   :
of Human Services; and,                   :
Health Partners Plans, Inc.,              :
                          Respondents     :

## **O R D E R**

**AND NOW**, this 21st day of September, 2017, the preliminary objections filed by Health Partners Plans, Inc., are **SUSTAINED**, and the petition for review is **DISMISSED WITH PREJUDICE**.

_____
ROBERT SIMPSON, Judge