# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Warren,                       :

              Petitioner      :

                       :

       v.                   :    No. 234 M.D. 2018

                       :    Submitted: October 26, 2018

State Ethics Commission,    :

              Respondent   :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
               HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**               **FILED: January 7, 2019**


Before this Court in our original jurisdiction are the preliminary objections filed by the State Ethics Commission (Commission) to Daniel Warren's (Warren) amended petition for review. Warren, representing himself, avers that the Commission violated his constitutional due process rights by not requiring parole officers to file statements of financial interest pursuant to the Public Official and Employee Ethics Act (Ethics Act), 65 Pa. C.S. §§1101-1113. The Commission challenges Warren's standing and the legal sufficiency of his claims. Upon review, we sustain the preliminary objections and dismiss the amended petition for review.

## I. Background

Warren, currently an inmate, submitted a Right-to-Know Law[1] request to the Commission seeking statements of financial interest for parole officers.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101–67.3104.

Because they are appointed by the Pennsylvania Board of Probation and Parole, Warren alleges that parole officers are required to file such statements pursuant to Section 1104 of the Ethics Act, 65 Pa. C.S. §1104 (relating to financial interest statement filing requirement). Previously, Warren filed ethics complaints with the Commission as to parole officers who did not file statements of financial interest.[2]

Warren filed a petition for review, to which the Commission filed preliminary objections. Warren then filed an amended petition for review.

In his amended petition, Warren seeks a declaration that Section 1104(a) of the Ethics Act is unconstitutional. His primary allegation is that the failure of the Commission to enforce the Ethics Act as to parole officers violates his due process rights guaranteed by the 14th Amendment to the U.S. Constitution. Specifically, he alleges that, by exempting parole officers from the filing requirement, "[the Commission] invaded [his] due process rights to be assured that these public officers have not undermined the honest and impartial discharge of [their] official duties." Am. Pet. for Review, ¶16. He claims an interest that surpasses that of all citizens based on his inmate status as "[t]hese public officer[s] supervise [him] and ha[ve] restrained [him] of his liberty and property interests." Id. ¶13. He also avers that "there exist[s] a credible threat that these public officers are receiving unlawful compensation which is direct, substantial and presents an interest which is neither remote nor speculative and invades [his] *right* pursuant to [Section] 1101.1 [of the Ethics Act, 65 Pa. C.S. §1101.1 (relating to purpose)]." Id. ¶7 (italics in original).

---

[2] This Court quashed Warren's appeals of the Commission's decision that declined to investigate his ethics complaints based on noncompliance with the filing requirement. See Warren v. State Ethics Comm'n (Pa. Cmwlth., Nos. 1489 C.D. 2017, 1630 C.D. 2017, filed December 28, 2017) (single j. ops.), appeal denied, (Pa., Nos. 112-123 MAL 2018, filed August 1, 2018).

2

The Commission filed preliminary objections to the amended petition, challenging this Court's jurisdiction, Warren's standing, and the legal sufficiency of Warren's claims. Warren filed a response to the preliminary objections, in which he explained the grounds for his amended petition. After briefing, the preliminary objections are ready for disposition.[3]

## II. Discussion

The Commission briefed only its objections as to Warren's standing and the legal sufficiency of his claim. As such, we do not address its challenge to our jurisdiction premised on this Court's resolution of appeals in the Commission's favor.[4] Skytop Meadow Cmty. Ass'n, Inc. v. Paige, 177 A.3d 377, 384 (Pa. Cmwlth. 2017) (holding failure to brief issue results in waiver; citing Pa. R.A.P. 2119(a)).

## A. Standing

First, we consider the Commission's challenge to Warren's standing to seek declaratory relief under the Declaratory Judgments Act, 42 Pa. C.S. §7531-7541. To state a claim under the Declaratory Judgments Act, a petitioner must demonstrate traditional standing and an actual controversy as to threatened invasion of rights. GGNSC Clarion LP v. Kane, 131 A.3d 1062 (Pa. Cmwlth. 2016) (en banc).

---

[3] "In ruling on preliminary objections, this Court accepts as true all well-pled allegations of material fact, as well as all inferences reasonably deducible from those facts." Key v. Dep't of Corr., 185 A.3d 421, 427 n.3 (Pa. Cmwlth. 2018). However, we "need not accept unwarranted inferences, conclusions of law, argumentative allegations, or expressions of opinion. For preliminary objections to be sustained, it must appear with certainty that the law will permit no recovery. Any doubt must be resolved in favor of the non-moving party." Id. (citation omitted).

[4] Regardless, we discern no merit in the Commission's jurisdictional challenge because this Court did not address whether parole officers are subject to the financial interest filing requirement in Section 1104 of the Ethics Act when we quashed Warren's prior appeals. Rather, we concluded the Commission's letters from which he appealed were not appealable adjudications.

3

"[A] controversy is worthy of judicial review only if the individual initiating the legal action has been 'aggrieved.'" In re Hickson, 821 A.2d 1238, 1243 (Pa. 2003). A petitioner possesses traditional standing or aggrievement when he shows his interest is substantial, direct and immediate. An interest is "substantial" if it is an interest in the alleged violation that "surpasses the common interest of all citizens in procuring obedience to the law." Id. Likewise, an interest is "direct" when the matter complained of harmed the party's interest, i.e., a causal connection between the harm and the violation of law. Pittsburgh Palisades Park, LLC v. Commonwealth, 888 A.2d 655 (Pa. 2005). Finally, an interest is "immediate" if the causal connection is not remote or speculative. Id.

Warren claims he is aggrieved by the Commission's non-enforcement of Section 1104(a) of the Ethics Act as to parole officers. However, Warren merely expresses the common interest of all citizens to have agencies enforce the laws they are charged to administer. Am. Pet. for Review, ¶4. Although he claims a greater interest than the citizenry because he is subject to supervision by parole officers, Warren does not allege how the lack of filed statements of financial interest causes him harm. Warren does not aver any immediate interest, alleging only that he presents an interest "which is neither remote nor speculative." Id. ¶7. This conclusory statement does not satisfy the immediacy prong. Atiyeh v. Commonwealth (Pa. Cmwlth., No. 312 M.D. 2012, filed May 28, 2013), 2013 WL 3156585 (unreported).

Because he does not allege a substantial, direct or immediate interest, Warren lacks standing. Hickson. Accordingly, the Commission's preliminary objection as to his lack of standing is sustained.

## B. Demurrer[5]

Although it is unnecessary to address the Commission's demurrer to the amended petition for review, we note briefly that Warren failed to allege a violation of his due process rights under the U.S. Constitution.[6]

To state a constitutional due process claim, a petitioner must allege a deprivation of a protected life, liberty or property interest. Shore v. Dep't of Corr., 168 A.3d 374 (Pa. Cmwlth. 2017). "If, and only if, the party establishes the deprivation of a protected interest, will the Court consider what type of procedural mechanism is required to fulfill due process." Id. at 383.

Here, Warren identifies his interest in the Commission's enforcement of Section 1104 of the Ethics Act such that parole officers are subjected to the financial interest statement filing requirement. However, Warren alleges no deprivation of a protected interest connected to the parole officers' non-filing of statements of financial interest. He further does not allege what process was lacking under the Ethics Act, or how the Commission's interpretation of the Ethics Act denied him due process. Therefore, Warren's amended petition for review fails to allege sufficient facts to state a due process claim. Shore.

---

[5] As to preliminary objections in the nature of a demurrer, we may sustain preliminary objections only when, based on the facts pled, it is clear and free from doubt that the complainant will be unable to prove facts legally sufficient to establish a right to relief. Mazur v. Trinity Area Sch. Dist., 961 A.2d 96 (Pa. 2008); Baron v. Dep't of Human Servs., 169 A.3d 1268 (Pa. Cmwlth. 2017) (en banc), aff'd, 194 A.3d 563 (Pa. 2018).

[6] The due process clause of the U.S. Constitution provides: "Nor shall any State deprive any person of life, liberty or property, without due process of law." U.S. CONST. amend. XIV.

### III. Conclusion

For the foregoing reasons, the Commission's preliminary objections are sustained. Warren does not establish he possesses standing to seek relief, and he does not allege the factual predicate for a due process challenge. Therefore, the amended petition for review is dismissed with prejudice.[7]

ROBERT SIMPSON, Judge

---

[7] Because Warren alleges no interest beyond that of all citizens in compliance with the law and identifies no deprivation of a due process right, affording him another opportunity to amend his pleading would be futile. See Funk v. Wolf, 144 A.3d 228 (Pa. Cmwlth. 2016). Accordingly, our dismissal of the amended petition for review with prejudice is appropriate. See id.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Warren,                            :
                    Petitioner            :
                                          :
            v.                            :    No. 234 M.D. 2018
                                          :
State Ethics Commission,                  :
                    Respondent            :

# **O R D E R**

**AND NOW**, this 7th day of January, 2019, the preliminary objections filed by Respondent, the State Ethics Commission, are **SUSTAINED**, and Petitioner Daniel Warren's amended petition for review is **DISMISSED WITH PREJUDICE**.


                                    _____
                                    ROBERT SIMPSON, Judge