# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory Dunbar,  :
          Appellant  :
            :  No. 1305 C.D. 2023
          v.  :
            :  Submitted: October 8, 2024
Superintendent Houser,  :
Capt. Bookheimer  :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE LORI A. DUMAS, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                        **FILED: November 19, 2024**

Gregory Dunbar (Appellant) appeals from the order of the Court of Common Pleas of Centre County (trial court) entered October 3, 2023, which sustained preliminary objections filed by Superintendent Houser and Captain Bookheimer of the Department of Corrections (DOC) (collectively, DOC Officials), overruled Appellant's preliminary objection to DOC Officials' preliminary objections, and dismissed Appellant's complaint. Upon review, we affirm.

# I. BACKGROUND[1]

Appellant is an inmate at State Correctional Institution at Benner (SCI-Benner). He alleges that various Bucks County officials have colluded to forge his entire criminal record to conceal his kidnapping and incarceration. Appellant drafted private criminal complaints against these officials, but DOC Officials have refused to process them. Appellant alleged that he sent letters to both the Director of Inspector Generals and Governor's General Counsel who then directed DOC Officials to investigate Appellant's complaint. According to Appellant, DOC Officials' failure to investigate his private complaints constitutes a violation of policy DC-ADM 004.[2]

Appellant commenced this action in mandamus, seeking to compel DOC Officials to comply with DC-ADM 004 and "process" his criminal complaints. In response, DOC Officials filed preliminary objections in the nature of a demurrer, pleading their lack of personal involvement in the matter and Appellant's failure to state a claim.

Appellant then filed preliminary objections to DOC Officials' preliminary objections, pleading DOC Officials' failure to comply with Pennsylvania Rule of Civil Procedure 1023.1(b) and a conflict of interest with former attorney general Josh Shapiro. Pl.'s Prelim Objs., 6/14/23, ¶¶ 1-4.

---

[1] We derive this background from the pleadings. We glean the relevant facts from Appellant's complaint and attached exhibits. *See* Compl., 3/10/23; *see also Foxe v. Pa. Dep't of Corr.*, 214 A.3d 308, 310 n.1 (Pa. Cmwlth. 2019) (observing that courts reviewing preliminary objections may not only consider the facts pleaded in the petition for review, but also any documents or exhibits attached to it).

[2] DC-ADM 004 states, in relevant part, that "[i]t is the policy of the Department to ensure that all alleged criminal acts by inmates and employees are processed, investigated, and disposed of, by prosecution and/or administrative action." DC-ADM 004 at III; *see also id.* at 1-1 ("Criminal Complaints by Inmates").

Additionally, Appellant filed "new matter" asserting "the affirmative defense/offense of 'res judicata'" based on "successfully litigat[ing] pro se" *Commonwealth ex rel. Vance v. Beard*, (Pa. Cmwlth., No. 592 M.D. 2006, filed May 12, 2008). *Id.*, ¶¶ 9-11.

Upon review, the trial court sustained DOC Officials' preliminary objections, overruled Appellant's preliminary objections, and dismissed Appellant's complaint. Thereafter, Appellant filed a motion to strike, which the trial court construed as a motion for reconsideration and denied. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

## II. ISSUES

Appellant raises three issues on appeal.[3] First, Appellant asserts that the trial court erred in concluding that he failed to state a claim for mandamus relief. *See* Appellant's Br. at 4-8. Second, Appellant asserts that the trial court erred by failing to address his new matter for "offensive collateral estoppel." *See id.* Third, Appellant asserts that the trial court erred by failing to rule on his motion to strike. *See id.* In response, DOC Officials maintain that Appellant's arguments are waived, frivolous, and otherwise devoid of merit. *See* Appellees' Br. at 12-21.

---

[3] In the "Statement of Questions" section of his brief, Appellant asserts five issues for this Court to address. *See* Appellant's Br. at 4. However, as DOC Officials point out, only three of those issues were preserved. *See* Appellant's 1925(b) Statement, 11/22/23. An issue not raised in a 1925(b) statement ordered by the trial court will be deemed waived. *Morley v. City of Phila. Licenses & Inspections Unit*, 844 A.2d 637, 639 (Pa. Cmwlth. 2004) (*per curiam*). Thus, we only address those issues preserved by Appellant.

Additionally, Appellant's remaining issues lack development or proper citation to legal authority, and this has hampered our review. *See* Pa.R.A.P. 2119. Nevertheless, mindful of Appellant's *pro se* status, the Court shall endeavor to address his claims. *See Bowen v. Unemployment Comp. Bd. of Rev.*, 311 A.3d 641, 646 (Pa. Cmwlth. 2024).

3

## III. DISCUSSION[4]

Appellant first asserts that he has the right to choose the remedy most appropriate to resolve a breach of duty. *See* Appellant's Br. at 7-8. According to Appellant, the appropriate remedy is an action in mandamus. *See id.* (baldly citing *Mueller v. Pa. State Police Headquarters*, 532 A.2d 900 (Pa. Cmwlth. 1987)).[5]

The common law writ of mandamus is an extraordinary remedy that seeks to compel a public official to perform a ministerial act or mandatory duty. *Baron v. Dep't of Hum. Servs.*, 169 A.3d 1268, 1272 (Pa. Cmwlth. 2017) (*en banc*), *aff'd*, 194 A.3d 563 (Pa. 2018). Accordingly, a mandamus action is not the proper vehicle to establish legal rights; it "is only appropriately used to enforce those rights which have already been established." *Weaver v. Dep't of Corr.*, 720 A.2d 178, 182 n.9 (Pa. Cmwlth. 1998). To state a claim for mandamus, a plaintiff must establish the following three elements: (1) a clear legal right to relief in the plaintiff; (2) a corresponding duty in the defendant; and (3) the lack of any other adequate and appropriate remedy. *Baron*, 169 A.3d at 1272.

Generally, DOC policies do not create legal rights enforceable through mandamus. *See Shore v. Dep't of Corr.*, 168 A.3d 374, 386 (Pa. Cmwlth. 2017). This is particularly so, when the policy contains "disclaimer language" that it does

---

[4] Our standard of review is *de novo*, and our scope of review is plenary. *Raynor v. D'Annunzio*, 243 A.3d 41, 52 (Pa. 2020). A demurrer is a preliminary objection to the legal sufficiency of a pleading and raises questions of law. *Id.* "[W]e must therefore accept as true all well-pleaded, material, and relevant facts alleged in the complaint and every inference that is fairly deducible from those facts." *Id.* (cleaned up). A preliminary objection in the nature of a demurrer should be sustained only when there is no doubt that the plaintiff has failed to state a claim for which relief may be granted. *Id.*

[5] In *Mueller v. Pennsylvania. State Police Headquarters*, 532 A.2d 900 (Pa. Cmwlth. 1987), this Court sustained a demurrer and dismissed an action in mandamus that invoked a department policy directing inmates be informed of their right to make a criminal complaint. *Id.* at 903-04. While relevant, this case does not support Appellant's claim.

not create any enforceable rights. *See Weaver v. Dep't of Corr.*, 829 A.2d 750, 753 (Pa. Cmwlth. 2003).

Here, Appellant sought an order to compel DOC Officials to comply with DC-ADM 004. As explained by the trial court, *see* 1925(b) Op., 1/2/24, at 2-3, such a policy does not create rights enforceable through mandamus. *See Shore*, 168 A.3d at 386. Further, the policy contains "disclaimer language" and does not require any DOC employees to file a criminal complaint with an issuing authority. *See* DC-ADM 004 at VI ("This policy does not create rights in any person . . . ."); *Mueller*, 532 A.2d at 904 (observing that department policy does not require its employees to initiate or file a criminal complaint). Accordingly, the trial court properly concluded that DC-ADM 004 did not create a clear legal right to relief in Appellant. *See Weaver*, 829 A.2d at 753.

Next, Appellant asserts that the trial court failed to address his claim of offensive collateral estoppel set forth in his new matter. *See* Appellant's Br. at 4, 8. According to Appellant, DOC Officials' preliminary objections are collaterally estopped. *See id.* at 7 (citing *Commonwealth ex rel. Vance v. Beard* (Pa. Cmwlth., No. 592 M.D. 2006, filed May 12, 2008)) (*Vance*). This claim is wholly without merit.

The doctrine of collateral estoppel works to preclude relitigation of an issue of fact or law, provided (1) the issue is identical to one decided in a prior case; (2) there was a final adjudication on the merits; (3) there is privity among the relevant parties; (4) there was a full and fair opportunity to address the issue in the prior proceeding; and (5) the prior determination was essential to the judgment. *Blanda v. Somerset Cnty. Bd. of Assessment Appeals*, 313 A.3d 345, 353 (Pa. Cmwlth. 2024). "Collateral estoppel is used offensively when the plaintiff seeks to foreclose

the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party." *Shaffer v. Smith*, 673 A.2d 872, 874 (Pa. 1996) (cleaned up).

In *Vance*, a state inmate challenged a DOC policy restricting access to pornographic material. *Vance*, slip op. at 1. Upon reviewing preliminary objections, this Court permitted the action for declaratory judgment and injunctive relief to proceed on First and Fourteenth Amendment grounds, U.S. Const. amends. I, XIV. *Id.* at 3-4. The relevant issues are clearly different. Simply put, this Court's decision in *Vance* is inapposite. Therefore, the trial court correctly denied Appellant's claim of offensive collateral estoppel. *See Shaffer*, 673 A.2d at 874; *Blanda*, 313 A.3d at 353.

Lastly, Appellant asserts that the trial court failed to address his motion to strike. *See* Appellant's Br. at 4, 8. We disagree. Appellant filed this motion *after* the trial court had issued its order dismissing Appellant's complaint. *See* Mot. to Strike, 10/13/23, ¶¶ 19-33 (asserting, for the first time, that the Bucks County officials responsible for his prosecution and incarceration lacked jurisdiction over Appellant). Notwithstanding this new claim, the trial court declined to reconsider its dismissal of Appellant's complaint. *See* Trial Ct. Order, 11/1/23.

It is well settled that an order denying reconsideration is not reviewable on appeal. *See City of Phila. v. Frempong*, 865 A.2d 314, 318 (Pa. Cmwlth. 2005); *Thorn v. Newman*, 538 A.2d 105, 108 (Pa. Cmwlth. 1988). Accordingly, Appellant is due no relief.

For these reasons, we affirm.

_____
**LORI A. DUMAS, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory Dunbar,                              :
                    Appellant                :
                                             :    No. 1305 C.D. 2023
            v.                               :
                                             :
Superintendent Houser,                       :
Capt. Bookheimer                             :

# **O R D E R**

AND NOW, this 19th day of November, 2024, the order of the Court of Common Pleas of Centre County, entered October 3, 2023, is AFFIRMED.

_____

**LORI A. DUMAS, Judge**